# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Chamber of Commerce of the United States of
America, Longview Chamber of Commerce,
American Bankers Association, Consumer
Bankers Association, Independent Bankers
Association of Texas, Texas Association of
Business, and Texas Bankers Association,
    Plaintiffs-Appellees,

v.

Consumer Financial Protection Bureau; and Rohit
Chopra, in his official capacity as Director of the
Consumer Financial Protection Bureau,
    Defendants-Appellants.

No. 23-40650

## UNOPPOSED MOTION TO PLACE APPEAL IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27, Defendants-Appellants Consumer Financial Protection Bureau (Bureau or CFPB) and Director Rohit Chopra, in his official capacity,[1] respectfully move to have this appeal held in abeyance until the Supreme Court decides *CFPB v. Community Financial Services Association of America, Ltd.* (CFSA), No. 22-448. Counsel for Plaintiffs-Appellees has informed us that Plaintiffs-Appellees do not oppose the relief sought in this motion.

  1.  The Consumer Financial Protection Act of 2010 (CFPA), *see* 12 U.S.C.

---

[1] The Bureau and Director Chopra will be referred to collectively as "the Bureau" or "the CFPB" for ease of reference.

§ 5531(a), authorizes the Bureau to take action to "prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice [UDAAP] under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service."

2. In March 2022, the Bureau amended the UDAAP chapter of the Supervision and Examination Manual (Manual) to address the interaction between unfairness and discriminatory conduct.

3. Plaintiffs—national and state membership associations, as well as the Longview Chamber of Commerce—filed suit in the Eastern District of Texas. They raised several claims, including that (i) the Manual revisions were "issued with funds not properly appropriated in accordance with law," Compl. ¶ 96, ECF No. 1, Sept. 28, 2022, and (ii) the Manual "exceeds the CFPB's statutory authority by adding discrimination to [the Bureau's] UDAAP authority," *id.* ¶ 83.

4. After Plaintiffs filed their complaint, this Court decided *CFSA v. CFPB*, 51 F.4th 616 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 978 (2023) *and cert. denied*, 143 S. Ct. 981 (2023), which addressed a funding claim nearly identical to the one raised in this case. This Court held, in relevant part, that "[t]he Bureau's funding apparatus cannot be reconciled with the Appropriations Clause and the clause's underpinning, the constitutional separation of powers." *Id.* at 642. The Supreme Court granted the

2

Bureau's petition for certiorari and held argument on October 3, 2023. It has not yet issued a decision.

5. The parties to this case filed cross-motions for summary judgment, and, on September 8, 2023, the district court entered judgment in favor of Plaintiffs. Final Judgment, ECF No. 42. The district court rejected the Bureau's arguments on standing and venue, held that manual revisions were invalid under this Court's decision in *CFSA*, and, after invoking the major-questions doctrine, decided that the Bureau lacked the statutory authority to treat discriminatory conduct as unfair. Opinion and Order at 9-18, ECF No. 41. The court issued declaratory and injunctive relief based on the constitutional and statutory violations that it had identified. The Bureau filed a notice of appeal on November 6, 2023.

6. Briefing of this appeal should be held in abeyance pending the Supreme Court's resolution of *CFSA*. As the district court recognized, the resolution of the funding issue in this case is currently controlled by this Court's decision in *CFSA*. Placing the appeal in abeyance pending the Supreme Court's review of that decision will best preserve the resources of the parties and the Court. And because the district court has already awarded Plaintiffs the declaratory and injunctive relief they sought, Plaintiffs would not be prejudiced by delaying the resolution of this appeal.

7. Plaintiffs-Appellees do not oppose the relief sought in this motion.

| | |
|---|---|
| DATED: November 14, 2023 | Respectfully Submitted, |
| SETH FROTMAN<br>General Counsel | *s/ Justin M. Sandberg*<br>JUSTIN M. SANDBERG<br>RYAN COOPER |
| STEVEN Y. BRESSLER<br>Deputy General Counsel | Senior Counsel<br>Consumer Financial Protection Bureau<br>1700 G St. NW |
| CHRISTOPHER DEAL<br>Assistant General Counsel | Washington, DC   20552<br>Justin.Sandberg@cfpb.gov<br>Ryan.Cooper@cfpb.gov<br>(202) 450-8786 (Sandberg)<br>(202) 702-7541 (Cooper) |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 557 words, according to the count of Microsoft Word.

*/s/ Justin M. Sandberg*
Justin M. Sandberg
