

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

**RE:** *Chamber of Commerce v. CFPB*, No. 23-40650 –
Response to Appellees' Rule 28(j) Letter

Dear Mr. Cayce:

The CFPB is right that the sole precedent supporting its lead jurisdictional argument is now vacated. *See Do No Harm v. Pfizer*, 96 F.4th 106 (2d Cir. 2024), *vacated and superseded on reh'g*, 2025 WL 63404 (2d Cir. Jan. 10). The CFPB is wrong that this vacatur somehow *strengthens* its position. *See* 28(j)-Ltr. (CA5-Doc.125) at 2.

To support its argument that associations lack standing if they refer to their members with pseudonyms, the CFPB relied heavily on the Second Circuit's opinion in *Do No Harm*. Blue-Br.18, 20, 21, 34, 35; Gray-Br.7, 8. But the plaintiff in *Do No Harm* petitioned for rehearing; and after considering that petition for 9 months, the Second Circuit vacated its prior opinion and all the analysis about *Summers* and pseudonyms that the CFPB likes. The Bureau says this vacatur "does nothing to undermine" the prior decision. 28(j)-Ltr.1. But vacatur does a lot to undermine a prior decision. It eliminates the decision's reasoning and binding effect, meaning the CFPB now has *no* precedent from *any* court supporting its standing argument.

As Plaintiffs explained and every other circuit has held, pseudonymity is not inconsistent with Article III standing. Red-Br.23-24, 21 n.3. The Bureau conflates cases (like *Summers*) where associations failed to identify a specific member with standing, with cases (like this one) where associations identify specific members with standing but use pseudonyms. Red-Br.16-20. The Bureau makes the same mistake by citing the Second Circuit's decision in *Building and Construction Trades Council of Buffalo v. Downtown Development*. *See* 28(j)-Ltr.2. That case is yet another example of an association that identified no *specific* member with standing, by pseudonym or otherwise; and there the Second Circuit *still* found standing. 448 F.3d 138, 144-45 (2d Cir. 2006).

The point of these cases is not that Article III contains some hidden ban on pseudonyms, but that standing must be proved with sufficient, nonspeculative evidence at every stage. Here, the district court did not abuse its discretion or clearly err by crediting the basic facts that supported Plaintiffs' standing—facts that the Bureau did not (and could not) contest. Red-Br.18, 23-25.

Dated: January 22, 2025              Respectfully,

/s/ *Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
cam@consovoymccarthy.com

Counsel for Appellees

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 348 words.

Dated: January 22, 2025              /s/ *Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: January 22, 2025              /s/ *Cameron T. Norris*